Filed 10/5/15  P. v. Blevins CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DANIEL R. B. BLEVINS,<br><br>Defendant and Appellant. | C076384<br><br>(Super. Ct. No. 62118545) |

A jury found defendant Daniel R. B. Blevins guilty of two counts of committing a lewd act with a child under 14 by force.  Defendant later admitted to having previously served a term in prison and the trial court sentenced him to an aggregate term of 11 years in state prison.

On appeal, defendant contends the trial court erred in admitting evidence of four prior misdemeanor convictions.  In support of his contention, defendant relies on Evidence Code section 352.[1]  We conclude defendant forfeited his claim by failing to raise a timely and specific objection in the trial court.

---

[1] Undesignated statutory references are to the Evidence Code.

1

On rehearing, defendant claims trial counsel's failure to make a timely and specific section 352 objection rendered counsel ineffective. We disagree and affirm the judgment.

## I. BACKGROUND

The People charged defendant with two counts of committing a lewd act with a child under 14 by use of force (Pen. Code, § 288, subd. (b)(1)) and alleged that defendant previously served a term in prison (Pen. Code, § 667.5, subd. (b)). He pleaded not guilty. Prior to trial, the People filed several motions in limine including motions seeking to use defendant's prior felonies and certain misdemeanors to impeach defendant should he choose to testify. Neither the People's motions in limine, nor the defendant's address the four misdemeanor convictions that are now the focus of this appeal.

At trial, defendant admitted his prior convictions for receiving stolen property (Pen. Code, § 496) and auto theft in 1998 (Veh. Code, § 10851), receiving stolen property in 2002 (Pen. Code, § 496), and felony spousal abuse (Pen. Code, § 273.5) in 2011 (his victim was Megan G.). The following exchange then took place between defendant and his counsel:

"Q: The first three convictions, did they—had you met [Megan G.] yet at the time that those offenses were committed?

"A: No.

"Q: And after meeting her, did that cause you to realize that you needed to change your life in some way?

"A: Yes, it did.

"Q: What was that?

"A: Basically I was running amok stealing cars and that was what all the—all three of those offenses were for. After I met her, I mean, it helped me change my life around, it wasn't the only thing, but it helped me change my life around."

2

Outside the presence of the jury, the People then asked the trial court to allow them to admit evidence that after meeting Megan G., defendant was convicted of four misdemeanors—three for driving under the influence, and one for soliciting a prostitute. These convictions, the People argued, would "show that his statement that he's turned his life around is not, in fact, true."

Defendant argued that when he said he "turned his life around" he was referring only to "crimes that involved dishonesty." He further argued that based on his own admissions at trial, "[i]t's pretty clear that he did not turn his life around with respect to drinking." Thus, he argued, "none of these four other offenses that the [People] want[] to inquire about, three DUIs and a [Penal Code section] 647(b) go to his honesty or truthfulness. So I would object to them being referred to at all for that reason."

The trial court reviewed the relevant portion of the transcript and ruled as follows: "I think [defendant's statement] did give the impression to the jurors that he, by changing his life around, has become law abiding, and so I think the fact that he's had three or four misdemeanor convictions subsequent to that would tend to have some relevance on that. So I would permit the People to simply—'Isn't it true you were convicted of those offenses?' And then that's it."

The jury later found defendant guilty of all charges. Defendant admitted to serving a prior prison term and the trial court sentenced him to an aggregate term of 11 years in state prison. Defendant appeals.

After we issued our opinion in this matter, defendant filed a petition for rehearing, seeking rehearing on the issue of forfeiture. Relying on Government Code section 68081, defendant claimed he was not given the opportunity to address forfeiture in his opening or reply briefs. We granted defendant's petition.

## II. DISCUSSION

### A. *Defendant Forfeited His Evidence Code Section 352 Claim on Appeal.*

Defendant claims the trial court erred in allowing the People to admit evidence of his misdemeanor convictions for driving under the influence and soliciting a prostitute. Defendant relies on section 352 to support his claim. He contends the evidence that he was convicted of these four misdemeanors after meeting Megan G. was "not inconsistent" with his testimony and it was cumulative because he already admitted to committing felony spousal abuse after meeting Megan G. Defendant also contends the trial court "did not properly evaluate this evidence pursuant to . . . section 352." Defendant forfeited these arguments by failing to raise a section 352 objection in the trial court.

"To preserve a claim that a trial court abused its discretion in not excluding evidence under . . . section 352, 'a party must make a timely and specific objection when the evidence is offered.' [Citations.]" (*People v. Harrison* (2005) 35 Cal.4th 208, 230-231; see also *People v. Valdez* (2012) 55 Cal.4th 82, 138-139; *People v. Alexander* (2010) 49 Cal.4th 846, 905.) "Under . . . section 353, subdivision (a), a reviewing court cannot grant relief on a claim that evidence was erroneously admitted unless a timely objection was made 'and so stated as to make clear the specific ground of the objection or motion.' ' "What is important is that the objection fairly inform the trial court, as well as the party offering the evidence, of the specific reason or reasons the objecting party believes the evidence should be excluded, so the party offering the evidence can respond appropriately and the court can make a fully informed ruling." ' [Citation.]" (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1214.)

At trial, the People wanted to offer evidence of defendant's four misdemeanor convictions to show defendant lied when he said he turned his life around after meeting Megan G. Defendant argued his testimony only referred to crimes of dishonesty, i.e., stealing cars, and any evidence that he was later convicted of offenses related to drinking

4

alcohol did not speak to his credibility. Defendant never argued that the evidence would prolong the proceedings unduly, unfairly prejudice defendant, confuse the issues, or mislead the jury, or that any one or more of these negative consequences substantially outweighed the testimony's probative value. Indeed, defendant never referred to section 352 in his argument to the trial court. Because there was no specific objection on the grounds set forth in section 352, the issue is not preserved for review.

Further, defendant's objection was not preserved by the motions in limine heard before the start of trial. "A properly directed motion in limine may satisfy the requirements of . . . section 353 and preserve objections for appeal. [Citation.]" (*People v. Ramos* (1997) 15 Cal.4th 1133, 1171, italics omitted.) To comply with section 353, however, a motion in limine must meet the following requirements: "(1) a specific legal ground for exclusion is advanced and subsequently raised on appeal; (2) the motion is directed to a particular, identifiable body of evidence; and (3) the motion is made at a time before or during trial when the trial judge can determine the evidentiary question in its appropriate context." (*People v. Morris* (1991) 53 Cal.3d 152, 190, disapproved on another ground in *People v. Stansbury* (1995) 9 Cal.4th 824, 830, fn. 1.) The record shows the motions in limine in this case did not address the four misdemeanor convictions that are the focus of this appeal. Accordingly, whether admitting evidence of defendant's misdemeanor convictions for driving under the influence and soliciting a prostitute violated section 352, was not an issue preserved for appeal by the motions in limine.

*B. Defendant Received Effective Counsel at Trial.*

On rehearing, defendant claims his trial counsel was ineffective for failing to make a timely and specific section 352 objection at trial to the relevant misdemeanor convictions.

To establish ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient and that defendant suffered prejudice as a result.

5

(*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 691-692 [80 L.Ed.2d 674, 693, 696].)  To prevail on the prejudice prong of an ineffective assistance of counsel challenge, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  (*Id.,* at p. 694 [80 L.Ed.2d at p. 698].)

Because defendant claims trial counsel was ineffective for failing to make a timely and specific section 352 objection to the relevant misdemeanor convictions, we address their admissibility.

Section 352 provides that "[t]he court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."  (§ 352.)

"The prejudice which exclusion of evidence under . . . section 352 is designed to avoid is not the prejudice or damage to a defense that naturally flows from relevant, highly probative evidence.  '[All] evidence which tends to prove guilt is prejudicial or damaging to the defendant's case.  The stronger the evidence, the more it is "prejudicial." The "prejudice" referred to in . . . section 352 applies to evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues.  In applying section 352, "prejudicial" is not synonymous with "damaging." ' [Citation.]"  (*People v. Karis* (1988) 46 Cal.3d. 612, 638.)

Defendant testified that Megan G. "helped [him] change [his] life around."  Such testimony suggested that since meeting Megan G., except for the felony spousal abuse conviction in 2011, he had become a more law-abiding citizen.  This opened the door for the People to impeach him with evidence that indeed he had not become a more law abiding citizen.  (See *People v. Vidaurri* (1980) 103 Cal.App.3d 450, 459.)

6

The evidence was brief and straight forward. It was not time consuming, nor did it have the potential to mislead the jury. Moreover, and contrary to defendant's contention on appeal, misdemeanor convictions for driving under the influence and soliciting a prostitute are no more (and perhaps less) inflammatory than his 2011 felony conviction for spousal abuse, which the jury already knew about. Nor are they more socially reprehensible than committing lewd acts on a child under 14 with force, the crimes for which he was on trial.

We thus conclude the prior convictions were properly admitted and trial counsel was not ineffective for failing to object to their admission under section 352. (See *People v. Diaz* (1992) 3 Cal.4th 495, 562 [no claim for ineffective assistance of counsel based on defense counsel's failure to make a futile objection].)

### III. DISPOSITION

The judgment is affirmed.

                                        _____/S/_____, J.
                                        RENNER, J.

We concur:

___/S/_____, Acting P. J.
BLEASE, J.

___/S/_____, J.
MURRAY, J.

7